**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

NIKI DANE AND MATTHEW DANE,

    Plaintiffs,

vs.

UNITED STATES GOVERNMENT,

    Defendant.

---

**COMPLAINT FOR DAMAGES**

---

Plaintiffs, Niki Dane and Matthew Dane, by and through their attorney, Christopher P. Koupal of Chalat Hatten & Koupal, PC, hereby allege and complain as follows:

**<u>JURISDICTION AND VENUE</u>**

1.  This is a FTCA action for medical negligence brought by Plaintiffs Niki Dane and Matthew Dane arising out of the evaluation, treatment and management of complications suffered by Mrs. Dane following the birth of her daughter at Evans Army Hospital on October 22, 2009.

2.  Plaintiffs each filed administrative claims with the Department of the Army on August 10, 2010, alleging negligence under the Federal Tort Claim Act (FTCA) pursuant to 28 U.S.C. § 2674 / 28 U.S.C. § 2675.  The Army denied both their claims on or about May 16, 2011.  Accordingly, this action is now properly before this court pursuant to 28 U.S.C. §2401(b).

3. The United States District Court for the District of Colorado has jurisdiction over this matter pursuant to 28 U.S.C. §1346(b) which provides for exclusive jurisdiction to the District Court over civil actions on claims against the United States for money damages for personal injury.

4. Venue properly lies in the District of Colorado pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiffs Niki Dane and Matthew Dane are residents of Hawaii. Plaintiffs are married.

6. The Department of the Army is a branch of the Armed Services of the United States government. It facilitates health care provided to Army personnel and their families through the employment of physicians, residents, nurses and other health care providers.

7. C. Jeremy Clark, M.D. was at all times material hereto a medical doctor practicing as a specialist in the field of obstetrics and gynecology at Evans Army Community Hospital. Upon information and belief, Dr. Clark is not licensed to practice medicine by the State of Colorado; it is unknown to Plaintiffs where Dr. Clark is licensed.

8. Emily LeClair was at all times material hereto a Certified Nurse-Midwife (CNM) licensed to practice in the State of Colorado by the Colorado Board of Medical Examiners under license number RN-116645 (Registered Nurse) and CNM-2334 (Certified Nurse-Midwife). Emily LeClair was at all times material hereto practicing as a Certified Nurse-Midwife at Evans Army Community Hospital.

9. At all times material hereto, Dr. Clark, CNM LeClair, and other doctors, nurses and health care providers who provided medical care and treatment to Plaintiff Niki Dane were employees and/or agents of the United States government, acting under the direction and

control of the United States government and acting within the course and scope of their employment and/or agency.

## **ALLEGATIONS**

10. On October 22, 2009, Ms. Dane was a patient at Evans Army Hospital at Fort Carson, CO. Ms. Dane gave birth to a baby girl at 04:50 am that morning.  C. Jeremy Clark, M.D. and CNM Emily LeClair provided medical and nursing care and treatment to Mrs. Dane during and after the delivery.

11. At all times material hereto a physician-patient relationship existed between Dr. Clark and Niki Dane such that Dr. Clark owed Mrs. Dane a duty to provide medical care and treatment within the standard of care and skill ordinarily possessed by reasonably careful OB/GYN physicians practicing in the same specialty under similar circumstances.

12.  At all times material hereto a nurse-patient relationship existed between CNM LeClair and Niki Dane such that CNM LeClair owed Mrs. Dane a duty to provide medical care and treatment within the standard of care and skill ordinarily possessed by reasonably careful Nurse-Midwives under similar circumstances.

13. During the delivery of the placenta and thereafter, Mrs. Dane suffered complications including complete uterine inversion, massive hemorrhaging, and uterine atony, necessitating an emergency hysterectomy.

14. CNM LeClair was negligent in her care and management of Mrs. Dane.  By way of example and not limitation, CNM LeClair applied excessive traction on the cord when delivering the placenta, resulting in complete uterine inversion. CNM LeClair failed to appreciate the presence of an inverted uterus, which was noted to be prolapsed through the vagina

3

(complete inversion), and mistook the uterus for an "abnormal placenta." CNM LeClair failed to promptly initiate appropriate care for the uterine inversion and otherwise was negligent in her treatment, management and evaluation of Mrs. Dane during this period.

15. Dr. Clark was negligent in his care and management of Mrs. Dane. By way of example and not limitation, Dr. Clark failed to initiate two large bore intravenous lines, failed to control bleeding, failed to administer tocolytic agents (terbutaline, magnesium sulfate, etc.) in order to relax the cervix and uterus prior to attempting manual replacement. Dr. Clark removed the placenta from the uterus prior to initiating resuscitation efforts such as securing large bore intravenous lines and administration of tocolytic agents, and prior to attempting manual replacement. Dr. Clark otherwise was negligent in his treatment, management and evaluation of Mrs. Dane during this period.

16. The combined negligence of Dr. Clark and CNM LeClair was the direct and proximate cause of Plaintiffs' Damages. The actions of CNM LeClair when delivering the placenta negligently caused the uterine inversion; Dr. Clark then failed to appropriately manage the inverted uterus according to established standards of care.

17. Plaintiff Niki Dane's damages consist of the following:

    (a)    Physical injury in the form of uterine inversion and subsequent surgical removal of her uterus (supracervical abdominal hysterectomy);

    (b)    Past and future physical and mental pain and suffering, anxiety, fear, depression, stress, distress, and humiliation.

    (c)    Diagnosed post-traumatic stress disorder (PTSD).

    (b)    Physical and emotional impairment which is permanent.

    (c)    Disfigurement.

(d)     Loss of consortium.

(c)     Loss of life enjoyment and impairment of quality of life, past and future.

(d)     Loss of past and future income.

(e)     Past and future medical expenses.

(f)     Partial or complete loss of future earning capacity.

(g)     Permanent injuries and disability.

38.     Plaintiff Matthew Dane's damages consist of the following:

(a)     Compensation for nursing services provided.

(b)     Loss of past and future income.

(c)     Loss of consortium.

(d)     Loss of life enjoyment and impairment of quality of life, past and future.

(d)     Fear, stress, anxiety, and depression.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment be entered against the Defendant in an amount sufficient to compensate Plaintiffs for their injuries, damages, and losses, for their costs, expert witness fees, post-judgment interest, and such further relief as the Court deems just and appropriate. Plaintiff Niki Dane is seeking $1,000,000.00 and Plaintiff Matt Dane is seeking $1,000,000.00.

Dated October 6, 2011.

Respectfully submitted,

*/s/ Christopher P. Koupal*
_____
Christopher P. Koupal #35516
CHALAT HATTEN & KOUPAL PC
1900 Grant St., Ste. 1050
Denver, CO 80203

ATTORNEY FOR PLAINTIFFS